**In re David C. FOX, Debtor.**

**John J. Hunter, Trustee, Plaintiff,**

**v.**

**Snap–On Credit Corporation, Defendant.**

**Bankruptcy Nos. 98–3085, 97–33463.**

United States Bankruptcy Court, N.D. Ohio.

April 15, 1999.

John J. Hunter, Toledo, OH, for plaintiff.

Stephen D. Miles, Dayton, OH, for defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This case comes before the Court upon the Defendant's Supplemental Motion for Summary Judgment. The facts giving rise to this proceeding are briefly as follows: On April 9, 1998, the Plaintiff, as the duly appointed Trustee in the above-named Debtor's bankruptcy case, filed a Complaint to recover as a preference, pursuant to 11 U.S.C. § 547(b), two items of equipment the Debtor had returned to the Defendant within the 90–day period immediately preceding the Debtor's voluntary bankruptcy petition. The approximate value of the equipment was Four–thousand Dollars ($4,000.00).

On August 31, 1998, the Defendant filed a Motion for Summary Judgment pursuant to Bankruptcy Rule 7056. In his Motion, the Defendant argued that the prepetition return of the equipment could not have been a preferential transfer because the Defendant had only leased the equipment to the Debtor, and thus the Debtor had no equity in the property for the Plaintiff to recover. In the alternative, the Defendant argued that it had a validly perfected security interest in the equipment. Thus, the Defendant maintained that the Debtor's prepetition return of the equipment was not preferential under subsection (5) of 11 U.S.C. § 547(b) as the transfer did not enable the Defendant to receive any more than it otherwise would have in a hypothetical Chapter 7 distribution.

Thereafter, the Plaintiff was given the opportunity to respond to the foregoing arguments put forth by the Defendant. This Court then reviewed the arguments presented by both of the Parties, as well as the exhibits and the entire record of the case. Based upon that review, this Court made the following findings: First, the

Court rejected the Defendant's argument that the Debtor had merely leased the equipment from the Defendant. Instead, pursuant to § O.R.C. 1301.01(KK)(2), the Court found that the underlying transaction between the Defendant and the Debtor created a security interest. Second, the Court held that if the Defendant had properly perfected its security interest in the equipment under the applicable state law, the Plaintiff could not attack the Debtor's return of the equipment as a preferential transfer under § 547(b). However, the Court found that the Defendant had failed to present sufficient evidence to demonstrate that it had a properly perfected security interest in the equipment, and thus the Court held that the Defendant's security interest was potentially voidable by the Plaintiff, as the acting Trustee, pursuant to 11 U.S.C. § 544(a). Accordingly, the Court denied the Defendant's Summary Judgment Motion. However, as the Plaintiff's Complaint only averred a preferential transfer under § 547(b), and did not attack the validity of the Defendant's security interest pursuant to § 544(a), the Court set the matter for a further Pretrial on December 14, 1998.

At this Pretrial, the Defendant articulated to the Court that sufficient evidence could be garnered to establish that the Defendant did in fact possess a validly perfected security interest in the equipment. Thus, the Defendant sought leave from the Court to file a supplemental motion for summary judgment. This request was granted, and on December 24, 1998, the Court received the Defendant's Supplemental Motion for Summary Judgment. Attached to this Motion were the pertinent documents demonstrating that the Defendant had properly perfected its security interest in the equipment. The Plaintiff did not contest the validity of this evidence within the time frame set out by section 9013–1(b) of the Local Bankruptcy Rules for the Northern District of Ohio. Consequently, the Court now holds that there no longer exist any genuine issues of material fact, and that the Defendant is entitled to judgment as a matter of law.

Accordingly, it is

**ORDERED** that the Supplemental Motion for Summary Judgment by the Defendant, Snap–On Credit Corporation, be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that the Complaint of the Plaintiff, John J. Hunter (Adversary No. 98–3085) be, and is hereby, dismissed.